UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLORADO

| | |
|---|---|
| BASALT REAL ESTATE LLC,<br>an Iowa limited liability company,<br><br>    *Plaintiff*<br><br>v.<br><br>SILVERPEAK CORP.,<br>a Colorado corporation; and<br>CHAPMAN DUCOTE, an individual<br><br>    *Defendants* | Case No. 1:24-cv-2498 |

## COMPLAINT

Plaintiff Basalt Real Estate, LLC (the "Landlord"), by and through its undersigned counsel, as and for its complaint in this action hereby states and avers as follows:

### I.  Parties, Jurisdiction and Venue

1. Landlord is an Iowa limited liability company with a principal place of business of 2000 Fuller Rd., West Des Moines, IA 50265, is registered to conduct business in the State of Colorado, and is the owner of the real property known as 24530 Highway 82, Basalt, CO 81621(the "Premises").

2. Defendant Silverpeak Corp. (the "Tenant") is a Colorado corporation with a principal place of business of 10192 Audrey St, Firestone, CO 80504 and a business address of 7775 NW 128th Avenue, Parkland, FL 33076, and formerly was the tenant of the Premises under that certain Lease for the Premises dated and effective as of January 1, 2022 (the Lease") by and between Landlord and Tenant.

3. Defendant Chapman Ducote (the "Guarantor") is an individual with residential addresses of 910 White Star Dr. and 232 Woods Rd., Aspen, CO 81611 and is the guarantor of the Lease under a written guaranty (the "Guaranty").

4. Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124(a) because this lawsuit arises from Defendants' transaction of business within Colorado.

5.      Venue is proper in Pitkin County pursuant to C.R.C.P. 98(a).

## II.    Statement of Facts

6.      Effective as of January 1, 2022 (the "Effective Date"), Landlord and Tenant entered into the Lease for the Premises.

7.      The initial term of the Lease was for a period of twenty (20) years (the "Initial Term").

8.      The initial monthly rent required to be paid by Tenant under the Lease was $71,291.66, subject to an annual increase of five percent (5%) on the first anniversary of the Effective Date and annual three percent (3%) increases thereafter.

9.      The monthly, annual and total rent required to be paid by Tenant during the Initial Term set forth on a "Total Rent "Schedule" annexed to and made part of the Lease.

10.     In addition to monthly rent, the Lease required that Tenant pay for real property taxes and assessments assessed on the Premises.

11.     Also effective as of January 1, 2022, Guarantor executed a Guaranty of the Lease in an amount up to $855,499.92 plus all property taxes which were not paid by Tenant. The Guaranty immediately became enforceable upon a default under the Lease by Tenant.

12.     As of June 14, 2024, Tenant vacated the Premises, relinquished to Landlord possession thereof, and waived any and all claims for the possession of the Premises whether during the term of the Lease or otherwise.

13.     This action by Tenant constituted a default under Article 17.1 of the Lease.

14.     Accordingly, the Lease was terminated as of June 14, 2024, pursuant to Section 17.2.2 of the Lease and by Tenant's consent.

15.     Article 5.6 of the Lease provides:

> ***No Discharge of Rent Obligations***. Tenant's obligation to pay Basic Rent shall not be discharged or otherwise affected by (a) any applicable laws now or hereafter applicable to the Premises, (b) any other restriction on Tenant's use, (c) any casualty or taking or (d) any other occurrence; and Tenant waives all rights now or hereafter existing to terminate or cancel this Lease or quit or surrender the premises or any part thereof, or to assert any defense in the nature of constructive eviction to any action seeking to recover rent. Tenant's obligation to pay Rent with respect to any period or obligations

arising, existing or pertaining to the period prior to the date of the expiration or earlier termination of the Term or this Lease shall survive any such expiration or earlier termination; provided, however, that nothing in this sentence shall in any way affect Tenant's obligations with respect to any other period. Tenant, to the extent now or hereafter permitted by applicable laws, waives all rights now or hereafter conferred by statute or otherwise to quit, terminate or surrender this Lease or to any diminution, abatement or reduction of Rent payable hereunder.

16. Article 17.2.2 of the Lease provides:

**Monetary Damages – Termination**. Should Landlord elect to terminate this Lease pursuant to Section 17.2.1(A) above, with or without taking possession, subject to Landlord's duty to mitigate its Landlord's damages as provided for by Colorado law, Landlord may recover from Tenant as damages, the following:

- A. The worth at the time of award of any unpaid rental which had been earned at the time of such termination; plus

- B. The worth at the time of award of the amount by which the unpaid rental which would have been earned after termination until the time of award; plus

- C. The worth at the time of award of the amount by which the unpaid rental for the balance of the term after the time of award.

17. Article 20 of the Lease provides:

ln the event that at any time during the term of this Lease either Landlord or Tenant shall institute any action, proceeding or appeal against the other relating to the provisions of this Lease' or incur any attorneys' fees in connection with any breach or default of this Lease, whether or not any judicial action has been commenced, then the unsuccessful party shall reimburse the successful party for the reasonable expenses, attorneys' fees and disbursements incurred.

18. According to the Total Rent Schedule annexed to and made part of the Lease, Tenant's Basic Rent obligation for the remainder of the term of the Lease is $20,357,958.97. In addition, Tenant is obligated under the Lease to pay the amount of taxes and assessments levied and assessed upon the Premises, which at present Tenant has not paid in the amount of $107,758.68. Tenant is therefore currently indebted to Landlord in the amount of $20,469,162.65, exclusive of late charges and other Additional Rent payable under the Lease.

19. Landlord is obligated to mitigate its damages under Colorado law and has commenced efforts to do so.

## First Claim for Relief
### Breach of Contract Against Silverpeak Corp.

20. Landlord repeats and realleges the preceding paragraphs as though fully set forth herein.

21. The Lease is a valid and binding contract between Landlord and Tenant.

22. Landlord performed all duties and obligations imposed on it by the Lease prior to the date of Tenant's termination of the Lease.

23. Tenant failed to perform the duties and obligations imposed on it by the Lease by relinquishing possession of the Premises and by failing and refusing to remit rent due under the Lease in accordance with its terms, despite demand by the Landlord.

24. Landlord is entitled to a monetary judgment in its favor and against Tenant in the amount of $20,469,162.65.

## Second Claim for Relief
### Breach of Contract Against Chapman Ducote

25. Landlord repeats and realleges the preceding paragraphs as though fully set forth herein.

26. The Guaranty is a valid and binding contract between Landlord and Guarantor.

27. Landlord performed all duties and obligations imposed on it by the Lease and the Guaranty prior to the date of Tenant's termination of the Lease.

28. Guarantor failed to perform the duties and obligations imposed on it by the Guaranty by failing and refusing to remit rent due under the Lease and Guaranty in accordance with their terms, despite demand by Landlord.

29. Landlord is entitled to a monetary judgment in its favor and against Guarantor in the amount of $963,258.60.

**WHEREFORE,** Landlord prays judgment as follows:

a. For an order awarding it monetary damages in the amount of $20,469,162.65, for Tenant's breach of the Lease;

b. For an order awarding it monetary damages in the amount of $963,258.60, for Guarantor's breach of the Guaranty;

c. For an award of Landlord's reasonable attorneys' fees, costs and expenses incurred in this action, pursuant to the terms of the Lease and by rule;

d. For such other and further relief as the Court may deem just, proper and appropriate.

**LANDLORD DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Dated: September 10, 2024

Respectfully submitted,

KLEIN COTÉ EDWARDS CITRON LLC

By: */s/ Kenneth E. Citron*
Kenneth E. Citron
101 South Mill Street, Suite 200
Aspen, Colorado 81611
Phone Number: 970-925-8700
Fax Number: 970-925-3977
Email: kcitron@kceclaw.com