IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02498-MEH

BASALT REAL ESTATE LLC, an Iowa limited liability company

    Plaintiff,

v.

SILVERPEAK CORP., a Colorado corporation, and
CHAPMAN DUCOTE, an individual,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Silverpeak Corp. and Chapman Ducote, by and through their undersigned counsel, hereby respond to Plaintiff's ("Landlord") Complaint as follows:

### I.    Parties, Jurisdiction and Venue

1.    As to the allegations in paragraph 1 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegation, and therefore deny the allegation.

2.    As to the allegations in paragraph 2 of the Complaint, Defendants admit that Defendant Silverpeak Corp.("Tenant") is a Colorado corporation with a principal place of business of 10192 Audrey St. Firestone, CO 80504 and was the tenant of the Premises under Lease for the Premises dated and effective as of January 1, 2022 ("Lease") by and between Landlord and Tenant.  Defendants deny the remainder of the allegations.

3. As to the allegations in paragraph 3 of the Complaint, Defendants admit that Chapman Ducote ("Ducote') is the indirect owner of real property located in Aspen, CO. Defendants deny the remainder of the allegations.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

## II. Statement of Facts

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. As to the allegations in paragraph 7 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

8. As to the allegations in paragraph 8 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

9. As to the allegations in paragraph 9 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

10. As to the allegations in paragraph 10 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

11. As to the allegations in paragraph 11 of the Complaint, Defendants state that the Guaranty language speaks for itself and Defendants deny all allegations not consistent with Guaranty.

12. As to the allegations in paragraph 12 of the Complaint, Defendants admit that as of June 14, 2024, Tenant vacated the Premises and relinquished to Landlord possession thereof. Defendants deny the remainder of the allegations.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. As to the allegations in paragraph 14 of the Complaint, Defendants admit the Lease was terminated as of June 14, 2024. Defendants deny the remainder of the allegations.

15. As to the allegations in paragraph 15 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

16. As to the allegations in paragraph 16 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

17. As to the allegations in paragraph 17 of the Complaint, Defendants state that the Lease language speaks for itself and Defendants deny all allegations not consistent with Lease.

18. As to the allegations in paragraph 18 of the Complaint, Defendants state that the Lease language speaks for itself. Defendants deny the remainder of the allegation.

19. As to the allegations in paragraph 19 of the Complaint, Defendants admit the Landlord is obligated to mitigate its damages. Defendants are without sufficient knowledge to admit or deny the remainder of the allegations, and therefore deny the same.

**First Claim for Relief**
**Breach of Contract Against Silverpeak Corp.**

20. As to the allegation in paragraph 20 of the Complaint, Defendants incorporate their responses to the allegations herein.

21. As to the allegation in paragraph 21 of the Complaint, Defendants admit the allegations.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

## Second Claim for Relief
### Breach of Contract Against Chapman Ducote

25. As to the allegation in paragraph 25 of the Complaint, Defendants incorporate their responses to the allegations herein.

26. Defendants admit the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to mitigate its damages and losses.

2. Defendants reserve the right to assert additional affirmative defenses as they become known.

Respectfully submitted this 14th day of October, 2024.

    Respectfully submitted,

    CONDIT CSAJAGHY LLC

    *s/ Stephen E. Csajaghy*
    Stephen E. Csajaghy

    *Counsel for Defendants Silverpeak Corp. and Chapman Ducote*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of October,, 2024, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Kenneth E. Citron, Esq.
Klein Coté Edwards Citron LLC
101 South Mill Street, Suite 200
Aspen, CO 81611
kcitron@kceclaw.com

                  *s/ Trish Schart*
                  Trish Schart

- 5 -