IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02498-CNS-MEH

BASALT REAL ESTATE LLC,
an Iowa limited liability company

    Plaintiff,
v.
SILVERPEAK CORP**.,** a Colorado corporation, and
CHAPMAN DUCOTE**,** an individual,

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

Date of Conference: January 9, 2025

**Kenneth E. Citron**, Klein Coté Edwards Citron LLC, 101 South Mill Street, Suite 200, Aspen, Colorado 81611; (970) 925-8700; *Attorney for Plaintiff* (Via Video Teleconference)

**Stephen E. Csajaghy**, Condit Csajaghy LLC, 605 S. Colorado Blvd., Suite 270, Denver, CO 80246; (303) 287-6602; *Attorney for Defendants.*

1

## 2. STATEMENT OF JURISDICTION

Jurisdiction in this Court is proper under 28 U.S.C. 1332, because this action involves citizens of different States and the amount in controversy exceeds $75,000. Plaintiff is an Iowa LLC with a single member who also is a citizen of Iowa. ECF 7. Defendant Silverpeak Corp. is a citizen of Colorado. ECF 9.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>: Plaintiff and Defendant Silverpeak Corp entered into a twenty-year lease effective as of January 1, 2022 for certain commercial real estate located in Basalt, CO. The monthly, annual and total rent required to be paid by Silverpeak during the term was set forth on a "Total Rent Schedule" annexed to and made part of the lease. In addition to monthly rent, the lease required that Silverpeak pay for real property taxes and assessments assessed on the leased premises.

As of June 14, 2024, Silverpeak vacated the leased premises, relinquished to Plaintiff possession thereof, and waived any and all claims for the possession of the lease premises whether during the term of the Lease or otherwise. Accordingly, the lease was terminated as of June 14, 2024, pursuant to Section 17.2.2 of the lease and by Silverpeak's consent. This action by Silverpeak constituted a default under Article 17.1 of the Lease.

Articles 5.6 and 17.2.2 of the lease provide that Silverpeak's obligation to pay rent for entire term of the lease is not discharged by its early termination of the lease and possession of the leased premises. According to the Total Rent Schedule annexed to

and made part of the lease, Silverpeak's Basic Rent obligation for the remainder of the term of the lease is $20,357,958.97.

Also effective as of January 1, 2022, defendants Chapman Ducote executed a Guaranty of the Lease in an amount up to $855,499.92 plus all property taxes which were not paid by Silverpeak. The Guaranty immediately became enforceable upon a default under the Lease by Silverpeak, but the guaranteed amount has not been, paid to Plaintiff.

  b. <u>Defendants</u>: Based on the unexpected negative downturn in the market, the parties' expectations upon signing the Lease were not met. The Plaintiff has a duty to mitigate its damages, which the Defendant will explore during discovery. The Defendants have worked with the Plaintiff in good faith to resolve the dispute and will continue to do so.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

  1. Effective as of January 1, 2022 (the "Effective Date"), Landlord and Tenant entered into the Lease for the Premises.

  2. The initial term of the Lease was for a period of twenty (20) years (the "Initial Term").

  3. The initial monthly rent required to be paid by Tenant under the Lease was $71,291.66, subject to an annual increase of five percent (5%) on the first anniversary of the Effective Date and annual three percent (3%) increases thereafter.

4. The monthly, annual and total rent required to be paid by Tenant during the Initial Term set forth on a "Total Rent "Schedule" annexed to and made part of the Lease.

5. Also effective as of January 1, 2022, Guarantor executed a Guaranty of the Lease in an amount up to $855,499.92 plus all property taxes which were not paid by Tenant. The Guaranty immediately became enforceable upon a default under the Lease by Tenant.

6. As of June 14, 2024, Tenant vacated the Premises, relinquished to Landlord possession thereof, and waived any and all claims for the possession of the Premises whether during the term of the Lease or otherwise.

7. As of June 14, 2024, the Lease was terminated.

## 5. COMPUTATION OF DAMAGES

Plaintiff asserts that the lease terms provide for a calculation of damages against Silverpeak in the amount of $20,469,162.65, exclusive of interest, attorneys' fees and costs.

Plaintiff asserts that the Guaranty provides for a calculation of damages in the amount of $855,499.92, plus unpaid property taxes on the leased premises, exclusive of interest, attorneys' fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

October 21, 2024

b.  Names of each participant and party he/she represented.

>  Kenneth E. Citron, *Attorney for Plaintiff*
>
>  Stephen E. Csajaghy, *Attorney for Defendants*

c.  Statement as to when Rule 26(a)(1) disclosures were made on or before:

>  November 4, 2024.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

>  None.

e.  Statement concerning any agreements to conduct informal discovery:

>  None.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

  1. The parties will conduct remote depositions to the extent practicable.

  2. The Parties will utilize a unified exhibit numbering system.

  3. The Parties agree to attempt to resolve discovery disputes by phone before exchanging conferral letters.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

>  The parties do **NOT** anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The electronically stored records will be produced in

.pdf format and searchable, if possible.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case

.

>   The parties have engaged in discussions regarding settlement and have exchanged several settlement offers and counteroffers. The parties, however, have been unable to reach a final agreement. The parties remain hopeful that a prompt resolution will be possible.

>   Defendants request that the Court schedule a settlement conference at an early stage in the case.

**COURT**: The Court offered the Parties the option of a Settlement Conference. Should the Parties want a Settlement Conference, they shall file a Joint Motion, and they shall include in that Motion the date of March 31, 2025. Although this Court does not set the Settlement Conference at this time, it will reserve that date on its calendar.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

b.  Limitations which any party proposes on the length of depositions.

None.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

None.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

February 17, 2025

e. Other Planning or Discovery Orders

(1) The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer about the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *o'hara_chambers@cod.uscourts.gov*. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. (As permitted by D.C.COLO.MJ § VI, a motion may be filed <u>without</u> the prerequisite discovery conference for discovery that concerns a pro se incarcerated litigant or a third party.)

(2) The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally such as face-to-face, in a video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2). *See also*, *Bautista v. MVT Services, LLC*, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also is one that occurs in a reasonable timeframe before any relevant deadline.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

January 16, 2025

b. Discovery Cut-off:

June 16, 2025

c. Dispositive Motion <u>Notice</u> Deadline: June 26, 2025

No later than **ten (10) days after the close of discovery**, a Party seeking to file a motion for summary judgment must email Judge Sweeney's Chambers (Sweeney_Chambers@cod.uscourts.gov), copying opposing counsel, to inform the Court of their intent to file such motion. The Parties shall comply with Judge Sweeney's <u>Standing Order Regarding Federal Rule of Civil Procedure 56 Motions.</u>

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

    Plaintiff does not anticipate using any affirmative experts in this matter.

2. Limitations which the parties propose on the use or number of expert witnesses.

    Two affirmative experts per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    April 15, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    May 15, 2025.

e. Identification of Persons to Be Deposed:

Plaintiff intends to depose:

1. A F.R.Civ.P 30(b)(6) designee for Silverpeak Corp. (3-5 hours)

2. Defendant Chapman Ducote (3-5 hours).

Defendants intend to depose a Rule 30(b)(6) representative of Plaintiff.

## 10. DATES FOR FURTHER CONFERENCES

a. No status conference is set at this time.

b. Within **twenty-four hours after the Scheduling Conference**, the Parties shall jointly contact Judge Sweeney's Chambers by email (Sweeney_Chambers@cod.uscourts.gov) to obtain a Final Pretrial Conference date. The Parties shall refer to § III(A) of Judge Sweeney's Standing Order Regarding Pretrial and Trial Procedures (Civil Cases) for the procedure for submitting their proposed Final Pretrial Order.

Counsel for Plaintiff shall take the lead on requesting the Final Pretrial Conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate that the trial will be two to three days and will tried before a jury.

9

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 13th day of January, 2025.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge