# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Charlotte N. Sweeney

CASE NO. 1:24-cv-02498-CNS-TPO            DATE OF HEARING October 3, 2025; 1:00 p.m.

CASE CAPTION BASALT REAL ESTATE LLC v. SILVERPEAK CORP. and CHAPMAN DUCOTE

PARTY OR PARTIES SEEKING *PARTIAL* SUMMARY JUDGMENT Plaintiff Basalt Real Estate LLC

Statement of Undisputed Facts

| Plaintiff's Motion for *Partial* Summary Judgment on Liability Only on Plaintiff's Claim # 2 | | | |
|---|---|---|---|
| Number | Movant's purported undisputed material fact (with citations) | Non-movant's response (with citations) | Do the parties agree that the purported fact is material? |
| 1 | Effective as of January 1, 2022, Basalt Real Estate, LLC ("BRE"), as Landlord, and Silverpeak Corp. ("SP"), as Tenant entered into a Lease for 24530 Highway 82, Basalt, CO 81621(the "Premises"). *Complaint (Dkt. # 1)/Answer (Dkt. #10) ¶6; Lease (Basalt RE 00001-25; Silverpeak-BRE0001-30, 41-70, 265-294)* [1] | Undisputed | Yes |
| 2 | The initial term of the Lease was for a period of twenty (20) years. *Complaint/Answer ¶7; Lease* | Undisputed | Yes |
| 3 | The initial monthly rent required to be paid by SP was $71,291.66, subject to an annual increase of five percent (5%) on the first anniversary of the | Undisputed | Yes |

---

[1] "Basalt RE" denotes Plaintiff's Bates-numbered documents ; "Silverpeak -BRE" denotes Defendants' Bates-numbered documents.

| | | | |
|---|---|---|---|
| | Lease and annual three percent (3%) increases thereafter.<br>*Complaint/Answer ¶8; Lease* | | |
| 4 | The monthly, annual and total rent required to be paid by SP during the initial term of the Lease was set forth on a "Total Rent "Schedule" annexed to and made part of the Lease.<br>*Complaint/Answer ¶9; Lease* | Undisputed | Yes |
| 5 | In addition to monthly rent, the Lease required that SP pay for real property taxes and assessments on the Premises.<br>*Complaint/Answer ¶10; Lease* | Undisputed | Yes |
| 6 | Also effective as of January 1, 2022, Chapman Ducote ("CD") executed a Guaranty of the Lease in an amount up to $855,499.92 plus all property taxes not paid by SP.<br>*Complaint/Answer ¶11; Guaranty (Basalt RE 000028-32; Silverpeak-BRE0031-35, 36040295-299)* | Undisputed | Yes |
| 7 | BRE and SP entered an amendment to the Lease at SP's request, dated January 1, 2022. This amendment contained BRE's agreement that SP could skip paying $74,856.25 in Basic Rent for January 2022, in exchange for SP's agreement that it would pay an additional $6,805.11 in amortized rent in February through December 2022 subject to a 10% late charge. The First Amendment also altered the rent schedule set forth as Exhibit 2 to the Lease to reflect the parties' agreement. CD affirmed his Guaranty obligations in connection | Denied at whose request as the allegation lacks evidence; Undisputed as to remainder | Yes |

2

| | | | |
|---|---|---|---|
| | with the amendment. *(Basalt RE000567-69; Silverpeak – BRE0300-302, 309, 1172-76)* | | |
| 8 | BRE and SP entered into a second amendment to the Lease, also at SP's request, in March 2023. This amendment involved a loan from BRE to SP in the amount of $100,000 at an interest rate of 15% to finance a new heating system at the Premises. This expense was the responsibility of SP under the Lease, but SP claimed it was unable to afford it. The principal and interest due under the loan agreement was added to the rent due under the Lease in accordance with an amortization table included with the second amendment, with full payment due by April 1, 2026. CD affirmed his Guaranty obligations in connection with the amendment.<br>*(Basalt RE000129-288, 000551-53; Silverpeak-BRE310-12, 1140, 1155, 1340, 1350-54, 1359-67)* | Denied at whose request as the allegation lacks evidence; Undisputed as to remainder | Yes |
| 9 | In May 2024, SP did not pay rent and requested yet another amendment to the Lease, this time requesting, among other things, a rent reduction to $40,000 per month, down from $82,881.53. BRE refused this rent reduction.<br>*(Basalt RE0000327-35; Silverpeak-BRE0955, 958, 1089)* | Denied at whose request as the allegation lacks evidence; Undisputed as to remainder | No |
| 10 | As of June 14, 2024, SP vacated the Premises, relinquished to BRE possession thereof, and waived any and all claims for the possession of the Premises whether during the term of the Lease or otherwise.<br>*Complaint/Answer ¶12; Relinquishment Memo* | Undisputed | Yes |

3

|   |   |   |   |
|---|---|---|---|
|   | *(Basalt RE 000060; Silverpeak-BRE0308)* |   |   |
| 11 | Accordingly, the Lease was terminated as of June 14, 2024, pursuant to Section 17.2.2 of the Lease and by SP's consent.<br><br>*Complaint/Answer ¶14; Lease* | Undisputed | Yes |
| 12 | Article 5.6 of the Lease provides: "**No Discharge of Rent Obligations**. Tenant's obligation to pay Basic Rent shall not be discharged or otherwise affected by (a) any applicable laws now or hereafter applicable to the Premises, (b) any other restriction on Tenant's use, (c) any casualty or taking or (d) any other occurrence; and Tenant waives all rights now or hereafter existing to terminate or cancel this Lease or quit or surrender the premises or any part thereof, or to assert any defense in the nature of constructive eviction to any action seeking to recover rent. Tenant's obligation to pay Rent with respect to any period or obligations arising, existing or pertaining to the period prior to the date of the expiration or earlier termination of the Term or this Lease shall survive any such expiration or earlier termination; provided, however, that nothing in this sentence shall in any way affect Tenant's obligations with respect to any other period. Tenant, to the extent now or hereafter permitted by applicable laws, waives all rights now or hereafter conferred by statute or otherwise to quit, terminate or surrender this Lease or to any diminution, abatement or reduction of Rent payable hereunder."<br><br>*Complaint/Answer ¶15; Lease* | Undisputed | No |

| 13 | Article 17.2.2 of the Lease provides: "**Monetary Damages – Termination**. Should Landlord elect to terminate this Lease pursuant to Section 17.2.1(A) above, with or without taking possession, subject to Landlord's duty to mitigate its Landlord's damages as provided for by Colorado law, Landlord may recover from Tenant as damages, the following: A. The worth at the time of award of any unpaid rental which had been earned at the time of such termination; plus B. The worth at the time of award of the amount by which the unpaid rental which would have been earned after termination until the time of award; plus C. The worth at the time of award of the amount by which the unpaid rental for the balance of the term after the time of award."<br>*Complaint/Answer ¶16; Lease* | Undisputed | Yes |
|---|---|---|---|
| 14 | Article 20 of the Lease provides: "ln the event that at any time during the term of this Lease either Landlord or Tenant shall institute any action, proceeding or appeal against the other relating to the provisions of this Lease or incur any attorneys' fees in connection with any breach or default of this Lease, whether or not any judicial action has been commenced, then the unsuccessful party shall reimburse the successful party for the reasonable expenses, attorneys' fees and disbursements incurred."<br>*Complaint/Answer ¶17; Lease* | Undisputed | No |
| 15 | Section 7(a) of the Guaranty states that "if judgment is entered against Guarantor in any | Undisputed | No |

| | | |
|---|---|---|
| action to enforce this Agreement, Guarantor will reimburse Landlord for all reasonable expenses incurred by Landlord in connection therewith, including all reasonable attorneys' fees and disbursements."<br>*Guaranty* | | |