UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLORADO

| | |
|---|---|
| BASALT REAL ESTATE LLC,<br>an Iowa limited liability company, | )<br>)<br>) |
| *Plaintiff* | )<br>) |
| v. | ) Case No. 1:24-cv-2498-CNS-TPO<br>)<br>) |
| SILVERPEAK CORP.,<br>a Colorado corporation; and<br>CHAPMAN DUCOTE, an individual | )<br>)<br>)<br>) |
| *Defendants* | )<br>) |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR PREJUDGMENT ATTACHMENT**

Plaintiff Basalt Real Estate, LLC ("BRE"), by and through its undersigned counsel, Klein Coté Edwards Citron LLC, hereby submits this reply in further support of its motion for an order that two million dollars ($2,000,000.00) of funds received from the auction of real property in Aspen, Colorado be held and maintained by the owner of said property, Moonshot Ranch, LLC, a Colorado limited liability company in which defendant Chapman Ducote ("Ducote") is the sole member, pending the resolution of this matter against Ducote (the "Motion").

I. **INTRODUCTION**

BRE filed the Motion on September 12, 2025, on an *ex parte* basis as expressly authorized by F.R.Civ.P 64(a) and C.R.C.P. 102. A copy of the Motion is annexed hereto as **Exhibit A**. Since the Motion was properly filed *ex parte* under the cited rules, Plaintiff was not required to and did not confer with Defendants' counsel prior to filing the Motion or to serve a copy of the

Motion when it was filed.

On September 13, 2025, Defendants' counsel demanded a copy of the Motion. After consultation with Plaintiff, Plaintiffs' counsel provided a courtesy copy of the Motion to Defendants' counsel the same day (not two days later, as Defendants assert in their response). This was not an invitation to file a response, nor is the filing of a response procedurally proper for a an *ex parte* motion for prejudgment attachment. Nonetheless, Defendants filed a response to the Motion on September 26, 2025. Plaintiff now replies to the unauthorized response in order to address the improper and inaccurate substantive and procedural attacks levied by Defendants.

## II. RESPONSE TO DEFENDANTS' ERRONEOUS OR MISLEADING FACTUAL CONTENTIONS

Before addressing the specifics of the response, it is important to correct certain incorrect or misleading assertions made by Defendants:

- Defendants claim Plaintiff is not seeking relief against Silverpeak Corp. ("Silverpeak"). In fact, Plaintiff's complaint alleges a claim against Silverpeak for an amount in excess of $20 Million. This claim has not been dismissed or abandoned, and, in fact, Plaintiff intends to seek summary judgment on the claim. Silverpeak's unsupported claim that it is insolvent is immaterial to the Motion or to any issue of its liability.

- Although the liability of Ducote under his Guaranty is limited, Plaintiff's claim against him is not capped at $963,258.60, as Defendants suggest. Ducote is liable under his Guaranty for the base of amount of $855,499.92, plus unpaid property taxes on the subject property of $107,758.68 for 2024 , plus attorneys' fees, costs and expenses under the terms of the Guaranty, plus pre-judgment interest. Defendants' litigation strategy suggests that this matter will continue into 2026, which will result in additional liability for taxes and attorneys' fees. Therefore, prejudgment attachment of $2 Million

2

is not excessive.

- Plaintiff did not "try to hide" the Motion, as Defendants repeatedly complain. It was properly filed *ex parte*. Defendants' counsel was notified of its filing through EM/ECF. When a copy was requested the day after filing, it was provided, as Defendants admit.

- Plaintiff did not "advocate" for the Motion by its email to Magistrate Judge O'Hara's chambers on September 22, 2025. First, the email merely alerted the Court to a change of circumstances – the conclusion of the auction and the impending closing date on the sale of the subject property – which could impact the enforceability of any order directing prejudgment attachment. Second, since the Motion was permissibly filed *ex parte*, the email was not impermissible. In any event, Defendants' counsel was copied on the email, a fact Defendants fail to acknowledge in their response. Third, the communication was not with a "judicial officer," but with chambers. There are myriad circumstances under which communications with chambers are considered routine; this should be one of them.

- Defendants claim that the Court has no jurisdiction over Moonshot Ranch LLC is incorrect. Moonshot Ranch LLC is a Colorado limited liability company which owns real property in Colorado. To the extent that Defendants intend to suggest that the writ of attachment sought by Plaintiff should be denied because Moonshot Ranch LLC is not a party to this action, that issue is of no moment. Under F.R.Civ.P. 62(b), the Court may order arrest, attachment, garnishment, replevin, sequestration or other corresponding or equivalent remedies. It is axiomatic that a remedial writ will implicate third parties holding property of a party.

- Defendants misrepresent the terms on which Plaintiff was prepared to settle the case.

3

>Whatever settlement figure Plaintiff might have agreed to was conditioned on immediate payment by Ducote. Ducote refused to provide immediate payment, so Plaintiff requested security for a delayed payment . As stated in the Motion, Ducote never offered adequate security. Therefore, settlement was not accomplished, and the parties are back to square one. Unless a settlement is reached, which appears to be unlikely, and in light of the auction and impending sale of Moonshot Ranch, Plaintiff now requires a prejudgment attachment to protect its interest in collecting an eventual judgment.

### III.  ARGUMENT

#### A. The Filing of the Motion Was Properly Made on an *Ex Parte* Basis and Did Not Violate the Court's Practice Standards.

Although they protest the procedural circumstances of the filing of the Motion, Defendants do not dispute that under Fed.R.Civ.P. 64(a) prejudgment attachment is authorized in accordance with Colorado law and that C.R.C.P. 102(a) provides for prejudgment attachment by *ex parte* order of court. Instead, Defendants argue that Plaintiff violated D.C.COLO.LCivR 7.2 because a motion to file the Motion on a restricted basis was a required predicate to the filing. This is false. Local Rule 7.2 provides that the public shall have access to all documents filed with the court and all court proceedings ***unless*** restricted by statute, rule of civil procedure, or court order. As set forth in the Motion, F.R.Civ.P 64(a) and C.R.C.P. 102 authorize the filing of a motion for pre-judgment attachment on an *ex parte* basis. Plaintiff adhered to the provisions of Local Rule 7.2

Defendants also complain that Plaintiff's counsel did not confer with Defendants' counsel prior to filing the Motion. Conferral with counsel on an authorized *ex parte* motion would defeat the very purpose of *ex parte* protections. In the context of a motion for pre-judgment attachment, if a defendant is alerted to the motion, the property sought to be attached could be removed prior

4

to the motion being filed or ruled on.

Defendants' arguments pertaining to what they characterize as "practice standards" should be disregarded.

### B. Even if *Ex Parte* Filing of the Motion Was Not Authorized, Ducote Was Not Prejudiced.

As a practical matter, even if the *ex parte* filing of the motion arguably was unauthorized, Ducote was not prejudiced. The Motion was filed on a Friday. It was furnished to Defendants' counsel the following day. A response was filed two weeks after the Motion was filed and prior to any decision on the Motion.[1] Defendants' feigned outrage in the response is plainly performative in order to sway the Court against Plaintiff, since Defendants were not harmed or otherwise prejudiced by the *ex parte* filing. In a sense, this is understandable; Defendants have no chance of prevailing in this case on the merits, so they are resorting to spurious procedural arguments. Understandable or not, however, these arguments should not be seriously considered by the Court, as the Motion now has been fully briefed even if *ex parte* filing was not authorized by the procedural rules.

### C. Defendants Both Ignore and Misstate the Standards Guiding Prejudgment Attachment under C.R.C.P. 102.

Defendants substantively assert that the criteria for an order of prejudgment attachment under Rule 102 are not satisfied by the Motion. They are wrong.

*Haney v. Castle Meadows, Inc.*, 816 F. Supp. 655, 657 (D. Colo. 1993) provides that prejudgment attachment should be ordered when a plaintiff establishes by a **preponderance of the evidence** that there is a **reasonable probability** that a defendant made or intends to make a

---

[1] The Court did not rule on the Motion even after Plaintiff's counsel's email to Magistrate Judge O'Hara's chambers on Monday, September 22, 2025.

fraudulent conveyance or **intends to make collection more difficult**. *Haney*, 816 F. Supp. at 657, citing *First Nat'l Bank of Ft. Collins v. Poor*, 29 P.2d 713, 714 (Colo. 1934)).  A plaintiff need not establish that defendant has a dishonest motive or the intent to deprive the plaintiff of its ability to ever realize on a claim, provided that the plaintiff demonstrates that the defendant at least intends to hinder or delay the plaintiff from collecting on a judgment.  *Haney*, 816 F. Supp. at 657, citing *Crow–Watson Props., Inc. v. Carrier*, 719 P.2d 365, 367 (Colo. App. 1986)).   To meet Plaintiff's burden under *Haney,* the Motion provides an extensive recitation of Ducote's conduct which satisfy the Rule 102 standards.  See Motion, Section III.B.

Defendants do not challenge the applicability of the *Haney* standards nor do they rebut any of Ducote's actions which satisfy those standards.[2]  They merely contend that pre-judgment attachment should be granted only under limited circumstances based on a plaintiff's "extraordinary showing of need."  The standard pushed by Defendants is a fabrication.  Is not supported by any authority whatsoever and is inconsistent with the *Haney* standards, which do not refer to any showing of "need," let alone an "extraordinary" one. Even if the applicable standard is a "showing of extraordinary need," Defendants do not explain why they believe that standard is not met by the Motion.

The Court should disregard Defendants' made up "extraordinary need" standard and apply the  *Haney* standard to find that Plaintiff has shown by a preponderance of the evidence that there is a reasonable probability that Ducote intends to make a fraudulent conveyance or intends to make collection more difficult for Plaintiff.

---

[2] Defendants claim in the response that Plaintiff "ignores the actual holding of" *Haney,* but this is false.  See Motion, fn. 4, wherein Plaintiff acknowledged the result in *Haney* (the application for prejudgment attachment was denied) but distinguished the facts of this case from the facts found by the Court in *Haney*.  Specifically the *Haney* court found that: (i) plaintiff's evidence *y* did not establish that the defendant would be an empty shell if the proceeds from a property sale were disbursed; and (ii) the defendant had other assets to satisfy a judgment even if the sale proceeds were not attached.  816 F.Supp at 657.  Neither of these circumstances are alleged by Defendants in their response.

### D. Defendants Misapply the Standards Guiding Prejudgment Attachment under C.R.C.P. 102.

*1. The Defense of Failure to Mitigate is Immaterial to the Merits of the Motion.*

Defendants argue that it is questionable whether Plaintiff will recover under Ducote's Guaranty based on Plaintiff's alleged failure to mitigate its damages (the only defense raised by Defendants at any point during this case). Although Plaintiff has in fact sought to mitigate, Defendants' argument has nothing to do with the relief sought by the Motion. Unlike other prejudgment remedies, e.g., for a preliminary injunction, Plaintiff is not required under C.R.C.P. 102 to demonstrate a likelihood of success on the merits in order to obtain an order of prejudgment attachment.

*2. Plaintiff Need Not Prove that Ducote is About to Remove Property from the State with the Intent to Hinder, Delay or Defraud.*

As stated, the standard for ordering prejudgment attachment is a **preponderance of the evidence** that there is a **reasonable probability** that a defendant made or intends to make a fraudulent conveyance or **intends to make collection more difficult**. *Haney*, 816 F. Supp. at 657. As always, intent may be inferred by conduct. *In re Warren,* 512 F.3d 1241, 1249 (10th Cir. 2008)("Because rare is the occasion when a party lays bare his or her subjective intent, '[f]raudulent intent ... may be established by circumstantial evidence, or by inferences drawn from a course of conduct.'"), quoting *Farmers Coop. Ass'n of Talmage, Kan. v. Strunk,* 671 F.2d 391, 395 (10th Cir.1982).

The facts recited in the Motion regarding Ducote's conduct and his ever-changing approach to resolving this case supports the inference by a preponderance of the evidence – now that the auction is completed and Moonshot Ranch LLC is facing a liquidity event which will financially benefit Ducote – that there is a reasonable probability that he intends to make collection efforts

7

more difficult for Plaintiff. This conduct includes, but is not limited to, his broken promise to the Court to furnish Plaintiff with financial statement in furtherance of settlement efforts.

Even without the mass of evidence allowing the Court to infer Ducote's nefarious intent, Defendants' own response to the Motion supports Plaintiff's entitlement to a writ of attachment. Ducote tires to traverse the Motion by a short affidavit, in which he states that he has no intention of absconding with the proceeds from the ranch sale, has not taken steps to remove assets from Colorado, not stated to anyone that he intends to remove property, and has not advised anyone that he does not intend to resolve this dispute, all in furtherance of his self-serving conclusion that there is no "plan" and there is no "fraud." However, it is what is NOT contained in his affidavit that is telling – never does he represent that after the ranch sale is complete he will retain or maintain any assets in Colorado. This omission speaks volumes and bolsters Plaintiff theory that its recovery is at risk in the absence of a writ of attachment.

**E. Defendants Misconstrue the Bonding Provisions of Rule 102.**

As stated in the Motion, a bond is not necessarily required to obtain a writ of prejudgment attachment. *Old Republic Nat. Title Ins. Co. v. Kornegay*, 292 P.3d 1111, 1117-18 (2012)(Rule 102 gives the trial court discretion to set the amount at zero if the court determines that circumstances do not require a bond in a higher amount).

Even if a bond is required, it is not required as a condition of *filing a motion* for prejudgment attachment, as Defendants argue. Rather, the rule conditions the *issuance of a writ* on the posting of a bond. Without an order establishing the necessity and amount of the bond, Plaintiff is not yet required to post any bond.

**F. Attachment of $2 Million is Justified.**

Defendants' argument that the attachment of $2 Million of the proceeds from the sale of

8

Moonshot Ranch is somehow arbitrary and excessive ignores the reality that Plaintiff's damages increase with each passing day. When this action was filed, Plaintiff had paid just one year of the property taxes guaranteed by Ducote. Additionally, Plaintiff attorneys' fees, to which they are entitled under Section 7(a) of the Guaranty (see Hurd Aff., Ex. B), have continued to mount. The property tax and attorneys' fee figures are presented in the Affidavit of Richard Hurd submitted with the Motion, as required by Rule 102. Finally, should Plaintiff prevail, it is entitled to prejudgment interest, which also continues to accrue. For these reasons, it is apparent that Plaintiff satisfied Rule 102 and that the requested attachment of $2 Million is appropriate.

## IV.   CONCLUSION

For the reasons set forth in the Motion and herein, the Court should enter an order of prejudgment attachment requiring that two million dollars ($2,000,000.00) of funds received from the auction of Moonshot Ranch be held and maintained by the owner of said property, Moonshot Ranch, LLC, pending the resolution of this matter against Ducote; should order Ducote to pay BRE's reasonable fees, costs and expenses in bringing this motion; a should grant BRE such other and further relief as the Court deems just, proper and appropriate.

Dated:  October 2, 2025

Respectfully submitted,

KLEIN COTÉ EDWARDS CITRON LLC

By: */s/ Kenneth E. Citron*
Kenneth E. Citron
101 South Mill Street, Suite 200
Aspen, Colorado 81611
Phone Number: 970-925-8700
Fax Number: 970-925-3977
Email: kcitron@kceclaw.com

9

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2025, **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR PREJUDGMENT ATTACHMENT** was electronically filed and all parties of record in this matter were served via the EM/ECF.

<u>*/original signature on file/*</u>
Kenneth E. Citron

10