# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02498-CNS-TPO

BASALT REAL ESTATE LLC, an Iowa limited liability company

    Plaintiff,

v.

SILVERPEAK CORP., a Colorado corporation, and
CHAPMAN DUCOTE, an individual,

    Defendants.

---

## SUPPLEMENT TO OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR PREJUDGMENT ATTACHMENT

---

    Defendants Silverpeak Corp. and Chapman Ducote, by and through their undersigned counsel, hereby Supplement their Response in Opposition to Plaintiff's *Ex Parte* Motion for Prejudgment Attachment [doc no. 46] as follows:

    1.    As the Court is aware, the Plaintiff filed an *ex parte* motion that violated numerous practice standards of this Court. The Motion itself also fails to meet the requirements of Colo. R. Civ. P. 102.

    2.    Defendants file this supplement because the District Court, Pitkin County, Colorado just issued an Order denying essentially the same motion as Plaintiff filed in this Court. [**Exhibit A**] In the state court action against essentially the same Defendants, another Aspen-based attorney filed essentially the same Motion in state court as the Plaintiff is pursuing herein. Just as here, that attorney asked that money from the sale of the ranch be set aside, and likewise

also hid that filing from the undersigned and failed to advise that it was filed, violating state court procedures.

3. These transgressions aside, Defendants file this supplement to advise the Court that the state court denied the *ex parte* motion under Rule 102. [Exhibit A] Even without Silverpeak responding (as it was unaware of the secret motion), the state court rightly denied the Motion and stated:

> The ranch property itself has nothing to do with the allegations in the lawsuit. To support the Motion, the plaintiff states that "Based on Mr. Ducote's past deception and practices, I am certain that he will do something with his sale proceeds that will hinder my recovery and collection of any judgment....I am aware that Mr. Ducote has other creditors seeking payment from him. Based on his preferential treatment of [Plaintiff], it is likely that Mr. Ducote will prefer other creditors or himself in an attempt to hinder my ability to collect a judgment. Mr. Ducote also has ties to Florida and may move the sale proceeds out of Colorado to Florida, which would also hinder recovery of if judgment is obtained."
>
> The court finds these allegations purely speculative. The allegations of fraudulent conduct as set forth in the Complaint are as yet unproven. The Motion is therefore denied.

4. Defendants thus ask the Court to consider this ruling as authority when deciding the issue herein.

WHEREFORE, Defendants Silverpeak Corp. and Chapman Ducote respectfully request that Plaintiff's *Ex Parte* Motion for Prejudgment Attachment be denied, that Defendants be awarded the attorneys' fees and costs, and that Defendants be awarded such other and further relief as the Court deems appropriate.

Respectfully submitted this 2nd day of October, 2025.

>Respectfully submitted,
>
>*s/ Stephen E. Csajaghy*
>Stephen E. Csajaghy
>Condit Csajaghy LLC
>695 S. Colorado Blvd., Suite 270
>Denver, CO 80246
>City, State, ZIP Code
>Tele: 720-287-6602
>E-mail: steve@cclawcolorado.com
>
>*Counsel for Defendants Silverpeak Corp. and Chapman Ducote*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2025, I electronically filed the foregoing **SUPPLEMENT TO OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR PREJUDGMENT ATTACHMENT** was emailed to counsel below:

Kenneth E. Citron, Esq.
Klein Coté Edwards Citron LLC
kcitron@kceclaw.com

>*s/ Trish Schart*
>Trish Schart