| DISTRICT COURT, PITKIN COUNTY, COLORADO<br>Court Address:<br>506 EAST MAIN, SUITE E, ASPEN, CO, 81611 | |
|---|---|
| ORLAND MARK BROWN<br>v.<br>SILVERPEAK HOLDINGS LLC et al. | DATE FILED<br>September 29, 2025 11:54 AM<br>CASE NUMBER: 2024CV30077 |
| | ⚠ COURT USE ONLY ⚠<br>Case Number: 2024CV30077<br>Division: 6    Courtroom: |
| Order Denying Ex Parte Motion for Prejudgment Attachment | |

C.R.C.P. 102 governs attachment and allows "[a]ny party, at the time of filing a claim ... [to] have nonexempt property of the party against whom the claim is asserted ... attached by an *ex parte* order of court in the manner and on the grounds prescribed in this Rule." C.R.C.P. 102(a)."Prejudgment attachments are in derogation of the common law, and that rules authorizing them are strictly construed." *Old Republic Nat. Title Ins. Co. v. Kornegay*, 2012 COA 140, ¶ 8. "Because it is such an unusual remedy, and because it does have the potential to cause significant hardship to the person whose property is attached, the situations in which it may be used are extremely limited." *See* C.R.C.P. 102(c); *see also* Graham Susman, *Seizure of Person or Property: Rules 101"104,* 23 Rocky Mtn. L.Rev. 603, 605 (1951). To sustain an attachment, the claimant has the burden of establishing by a preponderance of the evidence that there is a reasonable probability that the alleged debtor made or intended to make a fraudulent conveyance or intended to make collection more difficult for him. *Haney v. Castle Meadows, Inc.*, 816 F. Supp. 655, 657 (D. Colo. 1993)

The defendant here, Mr. Ducote, is selling his ranch near Aspen. The ranch property itself has nothing to do with the allegations in the lawsuit. To support the Motion, the plaintiff states that "Based on Mr. Ducote's past deception and practices, I am certain that he will do something with his sale proceeds that will hinder my recovery and collection of any judgment....I am aware that Mr. Ducote has other creditors seeking payment from him. Based on his preferential treatment of Mr. Andrews, it is likely that Mr. Ducote will prefer other creditors or himself in an attempt to hinder my ability to collect a judgment. Mr. Ducote also has ties to Florida and may move the sale proceeds out of Colorado to Florida, which would also hinder recovery of if judgment is obtained."

The court finds these allegations purely speculative. The allegations of fraudulent conduct as set forth in the Complaint are as yet unproven. The Motion is therefore denied.

Issue Date: 9/29/2025

*[signature]*

JOHN FOWLER NEILEY
District Court Judge