# UNITED STATES DISTRICT COURT
## for the
# DISTRICT OF COLORADO

| | |
|---|---|
| BASALT REAL ESTATE LLC, an Iowa limited liability company, *Plaintiff* v. SILVERPEAK CORP., a Colorado corporation; and CHAPMAN DUCOTE, an individual *Defendants* | Case No. 1:24-cv-2498-CNS-TPO |

## PLAINTIFF'S SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF MOTION FOR PREJUDGMENT ATTACHMENT

Plaintiff Basalt Real Estate, LLC ("BRE"), by and through its undersigned counsel, Klein Coté Edwards Citron LLC, hereby submits this supplemental reply in further support of its motion for an order that two million dollars ($2,000,000.00) of funds received from the auction of real property in Aspen, Colorado be held and maintained by the owner of said property, Moonshot Ranch, LLC, a Colorado limited liability company in which defendant Chapman Ducote ("Ducote") is the sole member, pending the resolution of this matter against Ducote (the "Motion").

1.  BRE filed the Motion on September 12, 2025, on an *ex parte* basis as expressly authorized by F.R.Civ.P 64(a) and C.R.C.P. 102. Since the Motion was properly filed *ex parte* under the cited rules, Plaintiff did not serve a copy of the Motion when it was filed. Nonetheless, on September 13, 2025, Defendants' counsel demanded a copy of the Motion, which Plaintiffs'

counsel provided on same day. Although a response is procedurally improper in the context of an *ex parte* motion for prejudgment attachment, Defendants nonetheless filed a response to the Motion on September 26, 2025. Plaintiff filed a reply on October 2, 2025. Later in the day on October 2, 2025, Defendants filed an unauthorized supplement to their response to the Motion (the "Supplement"). Plaintiff replies to the Supplement herein.

2. In the Supplement, Defendants urge this Court to deny the Motion on the sole basis that a state court in an unrelated case against the same Defendants denied a motion seeking the same relief under C.R.C.P. 102 as Plaintiff seeks by the Motion.

3. The state court denial is not binding on this Court, as the state court case involves different plaintiffs and different claims (the state court action is brought by an investor in Silverpeak Corp. and is predicated on a breach of fiduciary duty committed by Ducote, whereas this case is brought by a landlord and concerns an undisputed breach of a lease and guaranty).

4. Additionally, the state court denial should not impact this Court's consideration of the Motion. First, the Supplement has a glaring omission: Defendants could have (the state court motion was filed publicly) but did not present any of the grounds on which the state court plaintiff based its Rule 102 motion. Based on this omission, this Court may and should infer that the state court plaintiff's argument differed from this Plaintiff's argument in the Motion and that it would not be helpful to Defendants in this Court. Second, the Supplement relies solely on the text of the state court order. However, that text contains but a snippet of the state court plaintiff's statement in support of his motion. That statement and the factual underpinnings of the state court motion differ markedly from this Plaintiff's statements in the affidavit submitted in support of the Motion and therefore should have no persuasive effect on this Court.[1]

---

[1] The differences between the state court motion and this Plaintiff's motion are glossed over by Defendant in the Supplement, wherein they assert that "another Aspen-based attorney *essentially* copied and filed the same Motion

2

5. Notwithstanding the myriad obvious differences between this case and the state court case, Defendants ask this Court to adopt the same reasoning as the state court judge without providing any context as to why this Court should do so. It is respectfully submitted that the Court should decline this invitation.

6. For the reasons set forth in the Motion Plaintiff's reply to Defendants' improperly filed response to the Motion and herein, the Court should enter an order of prejudgment attachment requiring that two million dollars ($2,000,000.00) of funds received from the auction of Moonshot Ranch be held and maintained by the owner of said property, Moonshot Ranch, LLC, pending the resolution of this matter against Ducote; should order Ducote to pay BRE's reasonable fees, costs and expenses in bringing this motion; a should grant BRE such other and further relief as the Court deems just, proper and appropriate.

Dated: October 3, 2025

Respectfully submitted,

KLEIN COTÉ EDWARDS CITRON LLC

By:/s/ *Kenneth E. Citron*
Kenneth E. Citron
101 South Mill Street, Suite 200
Aspen, Colorado 81611
Phone Number: 970-925-8700
Fax Number: 970-925-3977
Email: kcitron@kceclaw.com

---

in state court as the Plaintiff is pursuing herein." (Emphasis added). This is consistent with Defendants' general mendacity. They also state in the Supplement that "Counsel for [the state court plaintiff] clearly communicated with counsel for the Plaintiff herein as they filed their hidden motions at nearly the same time and made the near-identical arguments. Defendants intend to conduct discovery on this conspiracy and hold all liable parties accountable." Defendants re-submitted their supplement without that accusation after Plaintiff's counsel herein emailed Defendants' counsel and stated: "I just saw your supplement to the response. You have gone WAY over the line by accusing me, without any evidence and in a public document, of conspiracy. I absolutely have not communicated with counsel for any other litigant, nor did I have any advance knowledge that any other litigant intended to file a motion seeking similar relief to the relief sought by my client. In fact, I was completely unaware of the other motion until I saw your filing. The assertions in footnote 1 of your supplement are spurious, speculative and disparaging. I demand that you publicly withdraw them immediately."

# CERTIFICATE OF SERVICE

I certify that on October 3, 2025, **PLAINTIFF'S SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF MOTION FOR PREJUDGMENT ATTACHMENT** was electronically filed and all parties of record in this matter were served via the EM/ECF.

<u>*/original signature on file/*</u>
Kenneth E. Citron